**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| Vicente Hernandez and Blanche Hernandez, husband and wife , <br><br> Plaintiffs, <br><br> vs. <br><br> Mochi Properties, LLC, an Arizona Limited Liability Company doing business as Circle RB Lodge & RV Park, a registered Arizona Trade Name; Jay Carter and Heather Carter, husband and wife; <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **(Jury Trial Requested)** |

Plaintiffs allege:

## **NATURE OF THE CASE**

1.     The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) &

Complaint and Demand for Jury Trial                                                                                    Page 1

207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiffs brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4. For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least three (3) years prior to the filing of this action, Plaintiffs worked at least seventy (70) to ninety hours (90) per week and was not paid time and a half for the hours worked above 40.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

7. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of

the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiffs was a resident of Maricopa County, Arizona.

10. Since quitting her employment with Defendants on June 15th, 2013, Plaintiffs has moved and is a resident of Portage County, Ohio.

11. Defendant Mochi Properties, LLC is incorporated in the State of Arizona with its principle place of business at 515 East Carefree Highway, #92, Cave Creek, Arizona 85085

12. Upon information and belief, Circle RB Lodge & RV Park is a registered trade name in Arizona and is wholly owned by Defendant, Mochi Properties, LLC Circle RB Lodge & RV Park' principle place of business is located at 6547 East Main St  Mesa, AZ 85205.

13. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Jay Carter was and is the owner of Mochi Properties, LLC.

14. Upon information and belief, at all times material hereto, Defendants Jay and Heather Carter were and are residents of Maricopa County, Arizona.

15. Heather Carter is Jay Carter's wife. John and Heather Carter have caused events to take place giving rise to this Complaint as to which their marital community is fully liable..

16. At all relevant times, Plaintiffs was an "employee" of Mochi Properties, LLC, as

defined by 29 U.S.C. §203(e)(1).

17. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Mochi Properties, LLC

18. At all relevant times, Mochi Properties, LLC, was and continues to be an employer as defined in 29 U.S.C. § 203(d).

19. On information and belief, Defendants Jay Carter is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Defendant Mochi Properties, LLC for all matters.

20. At all times material to this action, Mochi Properties, LLC was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

21. Upon information and belief, at all relevant times, the annual gross revenue of Mochi Properties, LLC exceeded $500,000.00

## FACTUAL BACKGROUND

22. Plaintiffs were hired by Defendants in 2006.

23. Plaintiff Vicente Hernandez was hired as a as a non-exempt front desk attendant.

24. Plaintiff's job responsibilities were to check in guests, make reservations, and check client ledgers.

25. Plaintiff Blanche Hernandez was hired as a non-exempt housekeeper.

26. Plaintiff's job responsibilities were to clean the hotel rooms, do laundry, and other basic upkeep.

27. Defendants operated a motel/lodge and RV park

28. Plaintiffs were paid a combined rate of $1000 per month from 2006 through January 12, 2012. From January 13th, 2012 through the remainder of their employment, Plaintiffs were paid a combined rate of $600 per month. Defendant did supply some housing at the lodge.

29. Plaintiffs were non-exempt employees.

30. Plaintiffs were not managers.

31. Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

32. From 2006 through October 2012, Defendants failed to properly compensate Plaintiffs for their overtime hours or compensate them at the federal minimum wage.

33. During this time, Plaintiff Vicente Hernandez routinely worked at least ninety (90) hours per week.

34. During this time, Plaintiff Blanche Hernandez routinely worked at least seventy (70) hours per week.

35. Plaintiffs were not paid time and one half for hours over 40 in one week.

36. Plaintiffs were not paid minimum wage for all hours worked in a week.

37. Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were/was willful.

38. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

39. Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to

represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE

## VIOLATION OF FAIR LABOR STANDARDS ACT §206

40. Plaintiffs incorporate and adopt paragraphs 1 through 34 above as if fully set forth herein.

41. Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due.

42. Whether through the above-enumerated policies or otherwise, Defendants willfully failed and refused to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due.

43. Plaintiffs are entitled to collect the difference between their received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

44. Plaintiffs have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs compensation in the amount due to them for unpaid minimum wages in an amount proved at trial;

    b. Awarding Plaintiffs employees liquidated damages in an amount equal to the

award;

c. Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiffs' costs incurred in this action;

e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

45. Plaintiffs incorporate and adopt paragraphs 1 through 44 above as if fully set forth herein.

46. While employed by Defendant, Plaintiffs consistently and regularly worked overtime each week.

47. Defendants have intentionally failed and/or refused to pay Plaintiffs overtime according to the provisions of the FLSA.

48. As a direct result of Defendants' violations of the FLSA, Plaintiffs has suffered damages not receiving compensation in accordance with § 207 of the FLSA.

49. Under 29 U.S.C. §216 Defendants are liable to Plaintiffs for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

50. In addition to the amount of unpaid wages owed to Plaintiffs is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

51. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

52. Defendants have not made a good faith effort to comply with the FLSA.

53. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiffs overtime compensation in the amount due to her for all of her time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiffs' regular rate while at work for Defendants;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiffs' costs incurred in this action;

    e. Awarding Plaintiffs' pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiffs' post-judgment interest, at the highest legal rate, on all

awards from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper

## COUNT THREE
## DECLARTORY JUDGMENT

54. Plaintiffs incorporate and adopt paragraphs 1 through 53 above as if fully set forth herein.

55. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

56. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

57. Plaintiffs may obtain declaratory relief.

58. Defendant employed Plaintiffs.

59. Defendant is an enterprise covered by the FLSA.

60. Plaintiffs are individually covered by the FLSA.

61. On certain occasions, Plaintiffs were not compensated at a rate of at least minimum wage for work performed for Defendants.

62. Plaintiffs is entitled to overtime wages pursuant to 29 U.S.C. §207.

63. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

64. Plaintiffs is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

65. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

66. It is in the public interest to have these declarations of rights recorded as

Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

67. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

    b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    c. For Plaintiffs' costs incurred in this action.

    d. Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1   Dated:  August 7, 2013                Respectfully submitted,

2                                         **PHILLIPS DAYES LAW GROUP PC**

3
                                          ____/s/ Trey Dayes_____
4                                         Trey Dayes
                                          treyd@phillipsdayeslaw.com
5                                         Attorney for Plaintiffs